Christopher E. Allen / Pro Se:
PMB 386
1270 N. Marine Dr. Ste. 101
Tamuning, Guam 96913
(671) 472-1413
(671) 678-4130



**FILED**
DISTRICT COURT OF GUAM

JUN 0 6 2008

JEANNE G. QUINATA
Clerk of Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

Christopher E. Allen,
ASAP Process Servers,

# 08-00006

Plaintiff,

## COMPLAINT

VS.

Superior Court of Guam,
Jenbel V. Manibusan, jointly
and individually, in their
personal and official capacity's,
and Does 1-10, Inclusive,

Defendant,

## Jurisdiction

The District Court of Guam has jurisdiction in this matter. The defendant, the Superior Court of Guam is of the United Courts of Guam of which is under the jurisdiction of the United States of America. "A claim under the civil rights act expressly gives the give the District Court Jurisdiction no matter how imperfectly the claim is stated", Harmon v. Superior Ct of the state of Califorina, 307 F 2d 796, CA9(1962). The plaintiff has exhausted administrative remedies, a precondition for filing a claim under the Federal Tort Claims Act. This claim is filed within the Federal Tort Claims statue of limitations. The plaintiff, Christopher E. Allen, has filed a complaint with the United States Equal Employment Opportunity Commission, United States Office of Special Counsel, Civil Service Commission, NAACP, the U.S. Attorneys office.

1.

*ORIGINAL*

The plaintiff's are claiming and suing the defendants under and for the following:

Intentional infliction of emotional, mental injury, distress, loss of enjoyment of life, invasion of privacy, Defamation of Character, Violation of the 5th and 14th Amendments of the Constitution of the United States of America by the Denial of Procedural and Substantive Due Process, Violation of Title VII of the Civil Rights Act of 1963, Violation of Civil Rights Act of 1964, Violation under 42 U.S.C. § 1983 (3), Violation under 42 U.S.C.§ 1985, Violation of the Guam Organic Act 1421b. (e) (n), Violation of (IAW) Privacy Act, 3.(b) (PA) of 1974, Defamation of due to Stigma Plus.

## COMPLAINT

Comes now, Plaintiff, CHRISTOPHER E. ALLEN & ASAP PROCESS SERVERS by way of this Complaint, alleges as follows:

## GENERAL ALLEGATIONS

1. The District Court has jurisdiction in this matter.

2. At all times mentioned herein, plaintiff CHRISTOPHER E. ALLEN was and is a resident of Guam.

3. At all times mentioned herein, plaintiff ASAP PROCESS SERVERS is a company licensed to do business on the island of Guam.

4. At all relevant times mentioned herein and upon information and belief, Defendant Jenbel V. Manibusan, was and is a resident of Guam.

5. At all times mentioned herein and upon information and belief, Defendant SUPERIOR COURT OF GUAM is of the Unified Courts of Guam of which is under the jurisdiction of the Government of the United States of America.

6. Plaintiff is informed and believes and thereupon alleges, that at all times mentioned herein, that the defendants, including the Doe Defendants, are jointly and severally liable as the principle, officer, agent, master, servant, employer, employee, successor in interest and

2.

partner of each of the remaining Defendants and was in doing the acts complained of herein, acting within the scope of his, her or its said agency, agency, employment or partnership.

7. Certain Defendants are sued herein as DOE Defendant because their identities are not yet known. If and when such identities become known, Plaintiff will name any such Defendants in the place and staid of DOE Defendants. Furthermore, each Defendant is responsible for the acts of the other Defendants and its employees under the theory of Respondeat Superior.

8. And that the defendants violated the 5th and 14th Amendments of the Constitution of the United States, along with the Violations of Title VII of the Civil Rights Act of 1963, 1964, Violations Under 42 U.S.C § 1983 (3), Violation Under 42 U.S.C. § 1985, Violation of the Guam Organic Act 1421b. (e) (n), ]Violation of (IAW) Privacy Act 3. (b) (PA) of 1974, Defamation Character due to Stigma Plus.

9. On August 21, 2007 the defendant, the Superior Court of Guam, Terminated a July 24, 2007, Superior Court of Guam, Order Appointing the plaintiff, Christopher E. Allen as Special Process Server pending the outcome of an indictment / allegation, filed on August 9, 2007, against the plaintiff, without allowing the plaintiff the benefit of a hearing. The plaintiff believes that the actions of the defendant directly violated the plaintiff's, Christopher E. Allen's 5th and 14th Amendments rights by denying the Complainant's right to Due Process of Law, is an implicit guarantee that each person receive equal protection under the law of the United States of America. The U.S. Federal Law and Guam law permits recovery in this actions. Also violation of the Guam Organic Act. 1421b (e) "No person shall be deprived of life, liberty, or property without due process of law.", (n) " No discrimination shall be made in Guam against any person on account of race, lan-guage, or religion, nor shall equal protection of laws be the denied.

3

10. The defendants also, intentionally inflicted extreme emotional distress and invaded the privacy of the plaintiff, Christopher E. Allen. The defendants reckless and unlawful conduct has caused irreparably damaged to the complaint's good name and reputation and has had personal, professional and financial implications.

## BACK GROUND

11. From 1999 until 2007, the plaintiffs main source of income has been as a, "Court Appointed Special Process Server", which according to the defendant, the Superior Court of Guam's, unwritten policy, requires that "some" individual's be Appointed by the Court, although no such requirement for an Appointment is listed in Guam Public Law or Federal Law.

From 1999 until 2007, the plaintiff, Christopher E. Allen, has been Appointed by the Superior court of Guam as a Special Process Server and is the sole proprietor of A.S.A.P. Process Server, which is a company that is in the business of serving process of i.e., Court documents. (See exhibit A) The plaintiff has also sub-contracted other court appointed process servers, to serve documents on behalf of ASAP Process Servers.

12. On February 3rd, 2007, the plaintiff, Christopher E./ Allen, while serving a attachment to a Deposition Subpoena at the Guam Memorial Hospital, the plaintiff, Christopher Allen was physically "attacked" by two individuals as he attempted to serve process one of them, a "John Young". Said, "John Young" had attempted to avoided being served process by the plaintiff in the past, only this time he and his cohered, a Mr. "Ian Richardson" physically double teamed, and attacked the plaintiff the plaintiff Christopher E. Allen while attempting to detain him in a room. The plaintiff, Christopher E. Allen promptly, filed a complaint with the Guam Police Department.

4.

13. The plaintiff, Christopher E. Allen, promptly contacted an attorney to promptly and quickly begin a Civil Action against the two individuals who attacked him. (See: exhibit B) It should be noted that one of the plaintiffs attackers, " Ian Richardson" now a defendant in the said case, made a complaint to the Guam Police Department, stating that he, himself, was attacked by the plaintiff, Christopher E. Allen. He did not file a civil suit, as was with the case of the plaintiff, Christopher E. Allen.

14. Although at the time of the altercation, the plaintiff was a Court Appointed Special Process Server; at the conclusion of the Guam Police Departments re-investigation, the plaintiff was arrested for impersonating a public official, based on a statement given by an individual who worked in the same office as one of the plaintiffs attacker's, "Ian Richardson", The statement was given "sixteen days after the altercation. Said individual stated to the Guam Police Department, that at the time of the altercation, the plaintiff, Christopher E. Allen, stated that he was a "Marshal" The plaintiff has, and does deny the allegation. What the plaintiff stated at the time of the altercation was that:

> ( "Im a Special Process Server Appointed by the Superior Court of Guam." )
> The individual did not understand the term "Special Process Server".
> (See Exhibit C)

The Guam Police Department arrested the plaintiff, Christopher E. Allen, based on the one individuals statement which was made "sixteen (16) days after the incident. The plaintiff, "nor" the plaintiff's attacker's or accuser, "Ian Richardson", have been arrested for assault, due the conflicting statements of the plaintiff's accuser, "Ian Richardson", lack of injuries to either parties, conflicting statements.   It should be noted that the plaintiff, Christopher E. Allen has never been arrested for assault or accused of assault. Although the Guam Police Department found no evidence to substantiate any of the individuals claims, the case was turned over to the Office of the Attorney General for possible indictment, due to the allegations, and the case was closed by the Guam Police Department.

5.

15. In order to "thwart" the Civil Action that the plaintiff filed against his attackers, "Ian Richardson"; now a defendant: (See exhibit D), " Ian Richardson" began a "six month" email campaign to Guam Office of the Attorney General, pleading for and indictment against the plaintiff, Christopher E. Allen, but was told that there was nothing to indict. (See: Exhibit E.) It also should be noted that in the transcripts from the indictment, the Assistant Attorney General, states that there was "no" evidence. (See exhibit E-2)

16. On August 9th, 2007, "Six" months after the aforementioned altercation, without having been served any court documents, the plaintiff heard over the Guam Radio Station, News Talk K57, that he had been indicted by a grand jury; which was based on verbal allegations and inconsistent statements . Thus: (Ian Richardson 's plea for an indictment was successfully)

17. The plaintiff, Christopher E. Allen hereby re-alleges that the allegations listed in the aforementioned indictment / allegations against the plaintiff, were not committed by the plaintiff, and that the aforementioned accuser, "Ian Richardson ", did attacked the plaintiff, Christopher E. Allen, in an attempt to help his cohered "John Young" avoid service of an attachment to a subpoena. (See exhibit F)

18.     It should be noted that, prior to the afore mentioned altercation, that another Process Server had reported to the Guam Police Department that "Ian Richardson " had attack him, by attempting to "shove" the document that he, "Ian Richardson" had just been served, down the process servers shirt.

FIRST CAUSE OF ACTION FOR: VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT'S OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, VIOLATION OF THE GUAM ORGANIC ACT, BILL OF RIGHTS "1421b (e), AGAINST THE DEFENDANTS, The Superior Court of Guam, Jenbel V. Manibusan and Does 1-10 Inclusive.

6

19. Although the afore-mentioned indictment is merely an unproven allegation against an

the plaintiff, Christopher E. Allen; "six months" after the abovementioned altercation,

on August 21, 2007, the defendant, the Superior Court of Guam "Terminated" the Court Order

Appointing the plaintiff, Christopher E. Allen as a Special Process Server , merely on the

aforementioned indicted allegations, pending the outcome of the case, without affording

the complainant, Christopher E. Allen a hearing, in violation of the 5th and 14th Amendment of

the Constitution of United States, violation of the Guam Organic Act, Bill of Rights, 1421b.(e).

Plaintiff cites Miller v. Debuono (90 NY2d 783 (1997), Mathew v. Eldridge (424

US319(1976)). Note: The defendant, the Superior Court of Guam, did "not" conduct an

investigation before the Termination Order.

20. On September 11, 2007 the plaintiff, through his attorney, filed a "Proposed Exparte

Application for Reconsideration of the August 21, 2007 Termination Order", and a

"Memorandum in Support of Exparte Application for a Motion for Reconsideration" in the

Superior Court of Guam, requesting a evidentiary hearing. The defendant, the Superior Court of

Guam, refused / ignored the plaintiff's request. (See Exhibit's G and H)    The plaintiff cites to

the case of United States Supreme Court City of Kenosha, Wisconsin vs. Peter G Bruno,

412 U.S. 507, 93 S. Ct. 2222, (1973) at 508, 509.   Similarly, see U.S. Court of Appeals First

Circuit (Puerto Rico) Andres Guillemard-Ginorio, et. Al. vs.Fermin M. Contreras Gomez, 161

Fed. Appx. 24 (December 13, 2005).

"To maintain an action under (42 U.S.C ) 1983, it is not necessary to allege or prove that the
defendants intended to deprive Plaintiff of his Constitutional rights or that they acted willfully,
purposely, or in furtherance of a conspiracy ...it is sufficient to establish that the deprivation....
was the natural consequence of Defendants acting under color of law..."

Ethridge v. Rhodos, DC Ohio 268 F Sup 83 (1967) , Whirl v.Kern, CA 5 Texas 407 F 2d 781

(1968) ,   Ury v. Santee, DC Ill, (1969).

7.

Thus, the plaintiff, Christopher E. Allen, states his claim of negligence on the part of the defendants, who have violated the plaintiffs procedural due process protection to which he is entitled to under (42 U.S.C) 1983, 1985, and the 5th and 14th Amendments of the U.S. Constitution, along with the Guam Organic Act, Bill of Rights "1421b (e) (n).

The plaintiff, Christopher E. Allen also, states claim, that the defendants violated the plaintiffs rights under the  14th Amendment / Section (1), which states:

> "All persons born and naturalized in the United States, and subjected to the jurisdiction thereof, are Citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property, without due process within its jurisdiction the equal protection of the laws".

Thus,  the defendant, the Superior Court of Guam has clearly violated the plaintiff, Christopher E. Allen's aforementioned / 14th Amendment Rights, and the plaintiff claims such violation done to him by the defendants the Superior Court of Guam, and Jenbel V. Manibusan.

21.  The foregoing cases both involve alleged deprivations of due process rights and the right of the aggrieved party concerned to have a hearing regarding licensing. In both cases the courts found that the issuance of a Temporary Restraining Order appropriate so as to protect the due process rights while the Court looked at scheduling a hearing for Preliminary Injunction; while further examining the constitutionality of the statutory licensing procedure.

The plaintiff claims a violation of his rights under: Title 412 U.S.C. § 1983 Provisions.

The plaintiff cites:  Imbler vs. Pachtman, U.S. 47 L. Ed.   2nd 128, 96 S. Ct.).

### Plaintiff has been Denied A Property Interest and Thus Should have been Entitled To A Pre-Deprivation Hearing

22.  The U.S. Supreme Court has said, "The root requirement of the Due Process clause is that an individual be given an opportunity for a hearing before he is deprived of any significant

8.

protected interest. The plaintiff cites: : Sinermon, 494 U.S. at 12). A license can be a property

interest protected by due process, see, e.g.., Mackey v. Montrym, 443 U.S. 1, 12-13 (1979),

including a license to operate a business. Citing: 16C Corpus Juris Secundum

constitutional Law § 1520 , also citing Goldrush II v.City of Marietta, 482 S.E.2d 347, 358

(Ga, 1997)). Thus: without property / rights, all other interest / rights are null and void, and

the founding fathers of the United States of America enacted the constitution in vain and for

naught, only to be taken away by newly enacted laws such as Intimate Domain and the likes.

(See: Regulatory Taking)

It has long been established that a state may not suspend a professional license without a

pre-deprivation hearing. Citing: Beauchamp v. De Abadia, 779F.2d 773, 775 (1ˢᵗ Cir. 1985)

The probable cause determination made by the grand jury is "not" enough,

Citing: Keney v. Derbyshire 718 F.2d 352 (10ᵗʰ Cir. 1983)("However, the full hearing with

prior notice, the right to counsel, the right to present evidence and cross-examine witnesses are

the highest attributes of due process. It is these, and "not" probable cause determinations, which

minimize "the risk of an erroneous deprivation of such interest.' i.e., the license / Order of

Appointment.")

23. While the formality and procedural requisites of a hearing can vary, Boodie v.

Connecticut, 401 U.S. 371, 378 (1971), the hearing itself must be "meaningful."

Armstrong v. Manzo, 380 U.S. 545 552 (1965), and "appropriate to the nature of the case."

Mullane v. Central Hanover Bank & Trust Co. 339 U.S. 306, 313 (1950)

24. In other words, the process due will vary in each case depending on what type of

interest is being threatened. Bell, 402 U.S. at 540 . In this instance, the ability to pursue one's

livelihood is clearly an important interest, as is the plaintiff's interest in not being unfairly

labeled by the state as being a criminal. Even though the plaintiff, Christopher E. Allen may not

9.

be entitled to the same process that he must afforded in his upcoming and ongoing felony prosecution, he should have been given a pre-deprivation hearing. At minimum, the due process requirement of a hearing "embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them." See: Morgan v. United States, 304 U.S. 1, 18 (1937); and Tolbert, 434 F.Supp. At 686.

25. In Bell, the Supreme Court cited to its decision in Goldberg v. Kelly, 397 U.S. 254 (1970), for the proper standard of due process applicable to driver's license cases, a property interest or less importance than the ability to earn a living. Bell, 402 U.S. at 539, 541, and 542, 91 S. Ct. At. 1589, 1590 and 1591. In Goldberg , the Supreme Court held that "[i}n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to **confront and cross-examine adverse witnesses.**" Goldberg 397 U.S. at 299, (emphasis added).

Quoting from prior precedent, the Supreme Court in Goldberg went on to state that:

> "Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has the opportunity to show that it is untrue".

Goldberg 397 U.S. at 270, 90 S. Ct. At 1021 (quoting from Greene v. McElroy, 360 U.S. 474, 496, (1959).

26. The plaintiff claims that the Termination of the Order Appointing the plaintiff, Christopher E. Allen as a Special Process Server without a hearing or an investigation before the Court is and was in direct violation of : (a) The 5th Amendment, which states:

10.

"The government's shall not deny any person a governmental benefit on a basis
that infringes on an individuals constitutionally protected rights, etc... nor be
deprived of life, liberty or property without due process of law, without just
compensation".

In this case; the plaintiff's right to a due process name clearing hearing, before the Order of
Appointment as a Special Process Server was terminated and denying the plaintiff his
constitutional right to serve process in the plaintiff's own capacity. Thus, the actions of the
defendant, the Superior Court of Guam committed a negligent act upon the plaintiff, Christopher
E. Allen, by denying him his constitutional right to due process under the 5th and 14th
Amendment, [Section 1] as aforementioned. Thus, the plaintiff has been subjected to the
"French Napoleonic Code", legal system in which a defendant is "Guilty, Until Proven
Innocent". Thus, the plaintiff is also suing the defendants under the Civil Rights Act of 1991.

27. The Superior Court of Guam's Clerk's Office has interpreted the Courts Termination
order as preventing the plaintiff from serving any process, accordingly, the plaintiff has been
denied his ability to earn a living in his chosen profession; thus the plaintiff claims his property
interest. The defendant, the Superior Court of Guam has also refuses to accept Declarations of
Service, Return of Service, Affidavits of Service documents from Court Appointed Process
Servers who have been subcontracted by the plaintiff, if the documents have the plaintiff's
company name of A.S.A.P. Process Servers, listed on the documents.

28. In the month of September, 2007, the defendant, the Superior Court of Guam,
through it's employee, "Richard B. Martinez", Clerk of Court, acting outside the scope of his
employment, firmly stated to the plaintiff, Christopher E. Allen, that the plaintiff would faced
of being arrested, should he, the plaintiff, Christopher E. Allen, be found to have served process
without a Court Appointment. The plaintiff took the verbal warning seriously and as a "threat"
from the defendant, the Superior Court of Guam, through its employee,

11.

Clerk of Court, Richard B. Martinez, which violated the plaintiff's 5th Amendment Rights. Due to Mr. Martinez's influence and position coinciding with the threat of arrest made towards the plaintiff, the plaintiff, Christopher E. Allen has experienced, mental anguish, loss of enjoyment of life, significant personal, professional and financial implications. Under the Theory of Respondeat, the defendant, the Superior Court of Guam is responsible for the actions of its employee's, which has prevented the plaintiff from earing a living in his chosen profession due to the aforementioned threat of arrest which is a violation of the 5th Amendment, among other violations.

The plaintiff cites: Westberry v. Fisher, DC Me., 1970, 309 F. Sup. 95 states:

> Governmental immunity is not defense in suits brought under
> this section making liable every person who under color or state
> law deprives another person of his civil rights. 36.304-308

29.   The plaintiff hereby claims that the defendant, the Superior Court of Guam violated and infringed on the plaintiffs, Christopher E. Allen's 5th and 14th Amendment Rights which ensure that governmental action is fundamentally fair.

The 14th Amendment explicitly protects an individuals right to due process and equal protection, which limits the State and Federal Government's power to discriminate in their employment practices by treating employees, former employees, or job applicant's unequally because of membership in a group, like a race, religion or sex. Due process protection requires that employees / job applicants have a fair procedural process before they are terminated if the termination is related to a "liberty", like the right to free speech or a property interest, being deprived of life, liberty or property. (Citing: Perry v. Snidermann 408 U.S.593 (1972)

30.  Citing: U.S.C.A Const. Amends. 5, 14 / Certuficatuions in General, states,

> "When a person's license to pursue a calling or profession is taken away or
> interfered with by the state in a substantial fashion, a plaintiff may demonstrate a
> due process violation".

12.

(The Amendment also goes on to say):

"If a government employee contends that the government has brought false charges against him of the nature that could potentially cause significant damages to his or her position in the community, the employee should be afforded with the opportunity to clear his / her name, under the due process clause",

Citing: U.S..C.A. Const. 14; 42 U.S.C.A. Const. § 1983

The plaintiff deny's the charges brought against him and that he is innocent of the indicted allegations aforementioned, and that it was he, the plaintiff, who was attacked while serving process, and that the threat of arrest by the defendant, through its aforementioned employee has as prevented the plaintiff from pursuing a lively hood without government interference.

31. The plaintiff, cites Wisconsin v. Constantineau, 400 U.S.433, 437, 91 S. Ct. 507,27 L. Ed. 2d 515 (1971)

"where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him / her, notice and an opportunity to be heard are essential.". This is especially true where the charges impose a "stigma or disability," that might impact on the plaintiff's / complainant's future opportunities to secure other employment.

(Thus, the plaintiff states that he has been stigmatized by the defendants actions).

Citing: Roth, 408 U.S. at 573, 92 s. Ct.2701

32. It Should be noted that, although Special Process Servers who are appointed by the defendant, the Superior Court of Guam are private contractors, the Privacy Act of 1974,

5 U.S.C. § 552a (m)(1). - As Amended, under Government Contractors (m)(1), states:

"When an agency provides by a contract for the operation by or on behalf of system of record to accomplish an agency function, the agency shall, consistent with its authority, cause the requirements of this section to be applied to such system. For purpose of subsection (1) of this section any such contractor and any employee of such contractor, if such contract is agreed to on or after the effective date of this section, shall be considered to be an (Employee) of an agency.

i..e. Court Appointment.

13.

33. The plaintiff cites:

United States Court of Appeals, Ninth Circuit,
Steve BENNY, Plaintiff-Appellee,

V.
Danny PIPES AND Charles Payne, Defendants- Appellants.

No. 85-2347,
Argued and Submitted June 12, 1986.
Decided Sept. 5, 1986.

Prison inmate brought civil rights suit against prison guards. The United States District Court of Arizona, Charles L. Hardy, J., entered default judgment against guards, denied motions to set aside defaults, and awarded inmate damages. Guards appealed. The Court of Appeals, Pregerson, Circuit Judge, held that: (1) service of process on prison guards by individuals who were convicted felons an incarcerated prisoners, but who were not parties to suit and who were over 18, was valid, and (2) prison guards' failure to answer prison inmate's complaint was culpable, so that guards were not entitled to have default judgment vacated.

As ruled on by the above mentioned District Court, the plaintiff, Christopher E. Allen, believes that the matter has been clearly settled, and that weather he is Appointed as a Special Process Server by the Superior Court of Guam or not, he should be able to serve Court documents in a private capacity without persecution, being harassed, arrested, or the threat of arrest; and that the defendant, the Superior Court of Guam should not reject Declarations, Return of Service, or Affidavits of Service's filed by the plaintiff or his subcontractors, on behalf of his company, A.S.A.P Process Servers. At the time of the filing of this claim, the plaintiff is still unable to serve process due to the aforementioned threat of arrest, an unable to file Declarations of Service, return of Service, or Affidavits of Service documents, should the name of the plaintiffs company, A.S.A.P. Process Servers be listed on the documents.

Thus, the defendant, the Superior Court of Guam continues to violate the plaintiffs Civil Rights up until the filing of this complaint.

## SECOND CAUSE OF ACTION FOR VIOLATION OF THE (IAW) PRIVACY ACT, 3. (b) (PA) OF 1974, STIGMA PLUS VIOLATION
14.

34. IAW the Privacy Act, 3. (b) Conditions of Disclosure, states:

> "No agency shall disclose any record which is contained
> in a system of records by any means of communication to
> any person, or to another agency, except pursuant to a written
> request by, or with the prior written consent of, the individual
> to who the record pertains,.."

Plaintiff re-alleges and incorporates all aforementioned references, especially references in

paragraphs 8, 9, 10. 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30. 31, 32, 33, and that under the

"Theory of Respondeat", that the defendant, the Superior Court of Guam, Terminated the Order

Appointing the plaintiff as a Special on August 21, 2007, without a court hearing, and by,

bypassing the plaintiffs right to due process was and is a violation of the 5th and 14th

Amendments of the U.S. Constitution.

35. On September 5th, 2007, the defendant, the Superior Court of Guam, through its

employee, co-defendant, Traffic Violations Bureau, Clerk, Jenbel V. Manibusan, produced a

and "signed" a Memorandum on a Superior Court of Guam letter head document, addressed to

all Small Claims Litigants, i.e. the general public, stating that:

"pursuant to the Order filed on August 21, 2007, by Presiding Judge Alberto C.
Lamorena II, relative to the appointment CHRISTOPHER E. ALLEN (SP0365-99)
as Special Process Server, all activities involving the service of court documents are
hereby TERMINATED until further order of the Court.

Memorandum was attached to the afore mentioned Termination Order which stated the /

allegations against the plaintiff; and that:

> "All activities involving the service of court documents are hereby
> Terminated until further order of the Court".

The term "All Activities" was used in the Memorandum, contrary to the original Court Order,

of which did "not" use the term "All activities". The Memorandum contained the plaintiffs

name and special proceedings number and was distributed to the public, through the Superior

Court of Guam's intake / out-take boxes, by the defendants, fifteen (15) days after the

Termination Order, and again, three months later. The plaintiffs name, Special Proceedings

number, Order of Appointment and Order of -        15.

36. The Memorandum was the distributed to the Superior Court litigants.. i.e., the general public, via the defendants. The Memorandum, attachments, phone calls, does not reflect the original Court order. The plaintiff believes that the Memorandum was a blatant attempt to give the plaintiff's clients and Court litigants i.e. the general population, the impression that the plaintiff, Christopher E. Allen and his company, ASAP Process Servers was unable to continue to conduct business due to the aforementioned Court order; to insure that doing business with the plaintiff would be undesirable and to permanently put the plaintiff out of business.
(Thus: Conspiracy) The Memorandum was produced on a Superior Court of Guam letter head that was signed by the defendant, Jenbel V. Manibusan. The plaintiff claims that the defendants, Jenbel V. Manibusan, and the defendant, the Superior Court of Guam's, actions of producing, signing, and the distribution of said Memorandum and attachments did damaged, stigmatized, hurt, cause mental and emotional stress, anguish, cause un-repairable financial damage to the plaintiff, Christopher E. Allen and his company / business, A.S.A.P. Process Servers; and that the defendant, Jenbel V. Manibusan was acting outside the scope of her employment when she disclosed the defendants information from the Superior Court of Guam's system of records to the general public. (See: Exhibits I and J).
The plaintiff cites 423-28 Monroe vs. Page. 1961 / 365 U.S. 167. (Civil Rights). and Civil Rights: 316-21 (Title 42. Section 1983 Davis v. Johnson. 1955 D.C.I 11.138 F. Sup. 572. Jobson v. Henne. 1966 Ca. 2NY. 355F. 2d. 139.

37. The plaintiff thus claims, that the defendant, the Superior Court of Guam, through its employee's, Jenbel V. Manibusan, and DOES 1-10 Inclusive, conspired to tarnish, smear, defame, black list, the good name and reputation of the plaintiff, Christopher E. Allen and A.S.A.P. Process Servers by committing the aforementioned acts; the plaintiff re-alleges

16.

being stigmatized by the defendants i.e "stigma plus" , and that the plaintiffs have been damaged by the defendants actions. : Hoofman v. Holden, 268F 2d 280 2d 280, 289.    The plaintiff, Christopher E. Allen, thus claims that the defendants conspired against the plaintiffs. 42 U.S.C. § 1985 (2),, which requires" two or more persons" to conspire, thus the plaintiff believes the burden of proof has been shown due to the actions of the defendants, jointly, individually, and in their personal and official capacity's; thus the theory of Respondeat.

   The defendant believes that, that issue shall be determined at trial, thus Doe 1-10 defendants may be identified, i.e., (Richard B. Martinez).   The roots of § 1985 (2) lie in the Civil Rights Act of 1871, the Ku Klux Klan Act. The plaintiff cites : Haddle v. Garrison, 119 S. Ct. 489, 492 (1998).   It also should be noted that defendant, Jenbel V. Manibusan, at the time of the distribution of the said Memorandum and attachments, Official Title was that of a "Traffic Violation Bureau, Clerk", (See Exhibit I and J) which brings into question the official job description of a Superior Court Traffic Violations Clerk, training, supervision, controls, and measures taken by the defendant, the Superior Court of Guam to protect the public from being damaged / stigmatized, etc.. by such actions that have been taken against the plaintiffs by the defendants.

   38. The defendants, without informing the plaintiff, took adverse action , made public, the said Memorandum which did "not" mirror the aforementioned Court Order, along with the plaintiffs name and Special Proceeding number, along with the indicted / allegations against the plaintiff, Christopher E. Allen, and distributed the Memorandum to the general public, via court intake / out-take boxes, along with making direct phone calls to court litigants which is and was a negligent act that has permanently damaged the plaintiff , Christopher E. Allen and his Company, A.S.A.P. Process Servers. The defendants actions were not ordered by a Court Judge.

   The plaintiff re-alleges and claims that the damage done to the plaintiffs due to being stigmatized by the actions of the defendants,  has damaged the plaintiff, Christopher E. Allen

17.

and the plaintiff's business and the plaintiff, Christopher E. Allen's prospects of future
employment in his chosen profession. Citing: Sciolino vs. The City of New Port,

Wisconsin vs.Constantineau

The plaintiff claims that "by the defendants passing out the said Memorandum,
attachments and placing phone calls to the general public court litigants, of which said
Memorandum did not reflect the Order of the Court, was made in conjunction with the
Termination Order, though not ordered by a Superior Court Judge, , has placed a stigmata /
damage, to the plaintiffs reputation and business.

Citing: Stone v. Univ. of Md. Med. Sys. Corp., 855 F 2d. 167, 172 n.5 (4th Cir. 1988)
Thus, the plaintiff alleges "two parties" that are legally capable of engaging in a conspiracy with
each other; ( Richard B. Martinez, Jenbel V. Manibusan, and the Superior Court of Guam
through the "Theory of Respondeat".

39.. The following names are only a portion of the individuals and company's that the
above mentioned Memorandums and attachments were distributed to:

A.A.M. Cellular Phone Service, Alliance Metal Specialist, Alph Insurance, A.M. Insurance,
AON Insurance, Baba Corp., Bank of Guam, Bisnes Mami, Citibank Corp., Community First
Bank, Formost Food, Moylan Insurance, Guam Memorial Funeral Home, Guam Power
Authority, Ionian Corp., Hemlani Apts., Thrifty Car Rental, Micronesian Distributors, MR
Imaging's, Peaceful Palms Funeral Home, PCT/EC Communications, Department of Public
Health, Pediatric Dental Clinic, I T & E Overseas, Cars Unlimited, Dr. Rathbun Chiropractic
Clinic, Cars Unlimited, Personal Finance Center, along with being inserted into "Ninety two"
(92) or other Court intake / out-take boxes distributed to the general public.
( Subpoena's will be in order)

40. The plaintiff reasserts his claims of being stigmatized by the defendants, and that
the defendants actions have affected the plaintiffs chances for future employment with Court

18.

litigants / general population and the plaintiff present clients, (though few left after being stigmatized and damaged), past clients, along with his standing in the public in general. It has been expressed to the plaintiff, by such individuals that have received the afore mentioned Memorandum, that they have reservations about continuing conduct business with the plaintiff or his company, A.S.A.P Process Servers, due to the afore mentioned Memorandum, attachments and phone calls received by them from the defendants.     Thus, the plaintiff believes that the stigma plus test has been passed. The plaintiff has, and continues to be questioned on a weekly to daily basis about his status in his chosen profession as a Special Process Server, including inquires about his aforementioned legal case, due to the stigmata created by the defendants through their actions of passing out the aforementioned Memorandum and Attachments along with the numerous phone calls to court litigants, placed by the defendants.

The plaintiffs relationship with his spouse and his children, friends and acquaintances have also suffered due to the actions of the defendants, due to loss of income, and the aforementioned threat of arrest by the defendant, through its employee.   The offenses committed by the defendants are morally and legally unacceptable in any democracy / ..i.e. noncommunist state or nation.

41. The Seventh Circuit Court of Appeals has held that a public official does not have immunity simply because he operates in a discretionary manner. It indicated that public servants are to be held "liable" when they abused their discretion or acted in way that was arbitrary, fanciful, or clearly unreasonable. (Citing civil law): Littleton v. Berling, 1972, Ill. 468 F. 2d 389., D. C. 1974 Thoren vs. Jenkins 374 F. Sup. 134.)

The plaintiffs Christopher E. Allen and his company, A.S.A.P. Process Servers, suffered an immediate loss of business and clients, due to the actions of the defendants. The plaintiff re-alleges that the stigma plus test has been passed, due to the defendants actions.

19.

42. Since August 21, 2007, up until the filing of this action, the defendant, the Superior Court of Guam, through its employee's has, and continue to "verbally" notify Superior Court litigants, pass out the said Memorandum to court litigants and the general public, who file court cases, and inform them without their request, of the charges against the plaintiff.

The defendants have also averted to making personnel phone calls to court litigants, informing them that the plaintiff is no longer allowed to serve process.

Until the distribution of the said Memorandum and the phone calls made by the defendants along with the aforementioned indicted / allegations, the general public / litigants were unaware that the Order Appointing the plaintiff as a Special Process Server had been Terminated. Thus the damage done to the plaintiff still continues to take a deeper root on a daily basis, and will continue until the defendants are ordered to cease an desist by the District Court of Guam.

43. Since August 21, 2007, the Superior Court of Guam, through its employee's, have made numerous, "direct phone calls" to litigants, in a blatant attempt to damage the good name and reputation of the plaintiff, Christopher E. Allen and the plaintiffs company, ASAP Process Servers , to insure that Court litigants would find it undesirable to conduct business with the complainant or his company, which has also resulted in the plaintiff being stigmatized in the community, and the general public, due to the actions of the defendants.

The actions of the defendant, the Superior Court of Guam, have been reported directly to the plaintiff, Christopher E. Allen by the plaintiffs clients and other Court litigants, along with members of the general public who expressed concern about continuing to do business with the plaintiff, due to the Memorandum and Attachments that they received, and the stigmata / gossip that has spread throughout the legal community, court litigants and the general public, all due to the actions of the defendants.

Although in the past, the defendant, the Superior Court of Guam, has Terminated Order's of Appointment of Special Process Servers for other individuals, the conduct towards the

20.

plaintiff, Christopher E. Allen, by the defendant, the Superior Court of Guam, through it's

employee's stands highly unprecedented.    Thus the plaintiff re-alleges the damage done

through the Theory of Respondeat.

(Citing: 8 GCA Criminal Procedure,Ch. 10, § 10.40 in regards to public officers and employee's

> "Notwithstanding §§ 10.20 and 10.30, a prosecution may be commence against
> a public officer or employee for any offense or any person acting in complicity
> with such public officer or employee for any offense based upon misconduct in
> office by such public officer or employee at any time by such public officer or
> employee continues in public office or employment or within three (3) years
> thereafter.

44.  The plaintiff cites:  42 U.S.C. 1963 2.7-4 states that,

> "Every person who, under color of any statue, ordinance, regulation, custom
> or usage,  of any state or territory, subjects or causes to be subjected, any citizen
> of the United States or other person to the deprivation of any rights, privileges,
> or immunities secured by the constitution and laws, shall be liable to the party
> injured in an action at law, equity, or other proper proceeding for redress.

It should be noted that according to: United States Code Annotated Federal Rules of

Civil Procedure, For the United States District Courts II. Commencement of Action; Service of

Process, Pleadings, Motions, and Orders, Rule 4 ( c ) (2), states that,

> "Service of a Summons may be effected by any person
> who is not a party who is at least 18 yrs. of age".

The plaintiff has been barred from earning a living due to the threat of arrest from the defendant,

the Superior Court of Guam, through its employee, Richard B. Martinez, Clerk of Court, and

who also may be the supervisor of the defendant, Traffic Violations Bureau Clerk,  Jenbel V.

Manibusan.    It should also be noted that  Rule 4 (c) (2), which has since been re-designated

does not give blanket authority for service of process by the state sheriff etc..

45.  In 1983, Congress substantially amended Rule 4.  Citing: Federal Rules of Civil

Procedure Amendments Act of 1982, "Pub. L. 97-462 § 2 reprinted in 1982 U.S cong & Ad.

News (96 Stat) 2527, 2527-28 Fed. R. Civ. P ( c ) ( 2) ( A )  now states:

21.

" A summons and complaint shall be served by (any person) who is not a party
and is not less than 18 years of age."

Thus it is held that Rule (4) means precisely what it says: save for those few special situations expressly enumerated in Rule, "any" person over "18", who is not a party to the suit, may serve a summons and complaint. The plaintiff here by claims his rights, of which have been denied, to serve process under the aforementioned Federal Rules of Civil Procedure as stated above, Under 7 GCA Civil Procedure, Ch. 14 Commencing Actions (Source: CCP § 14104 (Who May Serve Summons; Certificate.), along with his Fifth Amendment Right, "that the government may not deny a person a governmental benefit on a basis that infringes on his constitutional rights". The Superior Court of Guam is part of the government of Guam and has violated the plaintiff 5th Amendment Rights.

46. According to the aforementioned laws, statues and procedures the defendant, the Superior Court of Guam has violated the plaintiffs constitutional rights. The plaintiff believes that the defendant, the Superior Court of Guam, has shown a double standard by allowing other individuals to serve summons & complaints, based on Rule 4, for the office's such as private attorneys .. etc.. , without the requirement of having to be Appointed by the Superior Court of Guam as Special Process Servers.

47. On November 7th, 2007, the plaintiff, Christopher E. Allen, in casual conversation spoke with the defendant, the Superior Court of Guam's employee, Richard B. Martinez near the outside front door of the Superior Court.    Not anticipating what his actions would be through such casual conversation, the plaintiff mentioned to Mr. Martinez that he, the plaintiff, Christopher E. Allen had subcontracted another Court Appointed Special Process Server to serve process for A.S.A.P. Process Servers in an attempt to continue to conduct business, being as it was that Mr. Martinez had warned the plaintiff that he would face being arrested, should he be found to have personally to serve process without a court order.   Mr. Martinez immediately inquired as to the name of the plaintiffs then recently subcontracted Special Process Server.

22.

Armed with that information, immediately, within the "**same hour**", the defendant, the Superior Court of Guam, through its employee's, once again, "for a second (2nd) time"; three (3) months after the original Court Termination Order, distributed the aforementioned Memorandum to the general public "again", along with the indicted / allegations and attachments in order to the re-tarnish and smear the good name and reputation of the plaintiff, and to re-insure that the plaintiff, Christopher E. Allen and his company, ASAP Process Servers, would appear to being legally unable to conduct business, by making sure the plaintiffs company appeared undesirable for hiring.. i.e "to put the plaintiff and his company out of business..

"Permanently"!        (See: Stigma plus Doctrine)

48.  The plaintiff cites the following case and re-alleges that his civil rights have been violated by the defendants under 42 U.S.C. § 1963, 1964, 1982, 1983, 1985, the Guam Organic Act 1421b. (e), (IAW) Privacy Act 3. (b) (PA) of 1974, 5th and 14th Amendment, Defamation due to Stigma Plus, all of which the defendants have violated by their / its aforementioned actions.

(a).    The plaintiff has been denied a due process hearing before being terminated as a court Appointed Special Process Server and has stigmatized in the public eye, which has damaged the plaintiffs good name and  future employment prospects in his chosen profession.

Citing:  Hoofman v.Holden, 268F 2d 280 2d 280, 289, .    42 U.S.C. 1963.,
2. 7-14 states: "Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any state or territory, subjects or causes to be subjected, any citizen of the United States or other person to the deprivation of any rights, privileges, or immunities the constitution and laws, shall be liable to the party injured in an action at law, equity, or other proper proceeding for redress.

(b).    The defendants took adverse action against the plaintiff while clothed with the authority of the state, misused its power to violate the defendants constitutional rights.

Citing: Davis v. Johnson, 1955 DC I11.138 F. Sup., 572; Jobson v. Henne, 1966 Ca. 2 NY 355 F. 2d  139., Title 42, Section 1983 has been held to provide a civil action to protect persons against misuse of power possessed by virtue of state law. "Was clothed with the authority of the state.

23.

Monroe v. Pape, 1961, 365 U.S. 167, (Civil Rights). " That an officer or employee of state or one of its, subdivisions is deemed to be acting under"color of law." as to those deprivations of right committed in fulfillment of the tasks and obligations assigned to him".

Stringer v. Dilger, 1963, Ca. 10, Colo.., 313F. 2d 536, Civil Rights), Congressional Globe, 42 D Cong. 1ˢᵗ, Sees., 365-6, 268, 385 "That an officer or employee of a state or one of its subdivisions is deemed to be acting under "color of law".

The plaintiff foresees the defendants claims of immunity, and protest such a claim.

Citing: Congressional Globe, 42 D Cong. 1ˢᵗ Sees., 365-6, 268, 385 (1871). " It has been stated that there is no convincing proof that the Congress is responsible for the Civil Rights Act ever intended to immunize any state or territorial officials or employees, and that it is more likely that the congress intended to do away with whatever common-law immunities existed,

James v. Ogilvie, 1970, DC Ill., 310 F. Sup. 661, 663., "By the great weight of authority it is acknowledged that generally "public official's" are not immune from suit when they allegedly violate the civil rights of citizens, and that a "public official's defense of immunity is to be sparingly applied in these kinds of cases. ,

Books v. Pensylvania R. Co. 91 F. Sup. 101 (DC SD NY, 1950) Civil Rights. "A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may prove to be and inartistically as the complaint may be drawn. This is particularly true where the plaintiff is not represented by counsel.

The defendants violated the plaintiffs constitutional rights under 42 U.S.C 1983 on numerous

occasions, by informing the general public of the said Termination Order, distributing the said

Memorandum, attachments which did not reflect the said termination Order and making phone

calls to court litigants and the general public.

Citing: Ury v. Santee (1969 DC Ill.),, "In order to maintain an action under 42 USC 1983, it is not necessary to allege or prove that the defendant intended to deprive plaintiff of his constitutional rights or that they acted willfully, purposely, or in pursuance of a conspiracy. It is sufficient to establish that the deprivation of constitutional rights or privileges was the natural consequences of the actions of defendant acting under the color of law, irrespective of whether such consequences was intended. (The defendants handing out said Memorandum on numerous occasions, verbally informing the general public of said "Termination Order", making phone calls to court litigants etc..)

The defendant ignored / refused, the plaintiff's "Proposed Exparte Order, and Motions, Request,

and constitutional rights to due process.

24.

Citing: <u>Reynolds v. Cochran , 365 US 525 ,51 ED @ d 754, 81 S Ct 723 in Am Jur P 979</u> states that: "A state or federal court which arbitrarily refuses to here a party by counsel at all..civil or criminal, denies a party a hearing, and therefore denies him due process of law in a constitutional sense."

The plaintiff foresees, and object's to the defendants claim for immunity:

Citing: <u>Westbury vs. Fisher DC Me. 309 Sup 95 (1970),</u> "Government immunity is not a defense under (42 USC 1983) making liable every person who under the color of state law deprives another person of his civil rights".

<u>Fireman's Ins. Co. of Newark N.J. vs. Washburn County, 2 Wis 2d 214, 85 N.W. 2d 840, (1957)</u> "Government immunity violates the common law maxim that every person shall have remedy for an injury done to his person or property." Motions to deny the plaintiffs "Demands for relief ., i.e. Demands, Redress).

## THIRD CAUSE OF ACTION FOR: VIOLATION OF TITLE VII OF THE CIVIL RIGHT ACT OF 1964, 199, Equal Opportunity Employment Act.

49. It should be noted that the plaintiff, Christopher E. Allen is not of the ethnicity / race of the indigenous people of the Pacific Island Guam, of which the defendant's staff, the Superior Court of Guam's, employee's predominantly consist of. The plaintiff believes that the extreme aforementioned actions taken by the defendants against the plaintiff, Christopher E. Allen was and is based on the plaintiffs "race", of which is "not" of indigenous people of Pacific Island of Guam; which is in direct violation of <u>Title VII of the Civil Rights Act of 1964.</u> , and the Equal Employment Opportunity Act. The plaintiff believes that it is because of his race that the defendants have treated him differently than any other Appointed Special Process Server, or Private Process Server. The plaintiff is also suing the defendants under the <u>Civil Rights Act of 1991.</u>

The plaintiff cites <u>U.S.C. 2032 (1) (b) (1) (a),    42.U.A.C. / 200e-16.)</u> , which among other things, provides monetary damages in cases of intentional employment discrimination. The plaintiff also re-alleges and claims that all of the aforementioned violations, especially paragraph 8, 9, 10, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and that the defendants actions are in violation of the 5th and 14th Amendment of the Constitution of the

25.

United States of America, and re-alleges that the defendants reckless and unlawful conduct has irreparably damaged the plaintiffs good name and reputation, which has had significant personal, professional, financial and future employment implications among other things.

50. Although the U. S. Supreme Court has ruled that a person does not have a liberty interest in his reputation alone, but an injury to reputation plus some other significant negative consequence (the plaintiffs aforementioned property interest), triggers due process. The "stigma plus" states that:

> It is the stigma plus claim that protects public employees from having damaging employment information spread about them publicly without first having procedural protection of a "name-clearing hearing."

Such a claim is based on the notion that disparagement of employees without due process of law, and or liberty interest ruins their reputation and makes it more difficult for them to find future employment. Thus the plaintiff re-alleges paragraph 32, See: 5 U.S.C. § 552A (M) (1) As Amended, under Government Contractors (m) (1) .

51. The plaintiff anticipates the possibility that the defendants may claim immunity, thus states that a motion to dismiss for failure to state a claim under Rule 12 (b)(6) of the Federal Rules of Civil Procedure may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts that support his claim entitling him to relief. See: Conley v. Gibson, 355 U.S.41, 45-46 (1957), Sparro v. United Air Lines, Inc. 216 F. 3d 1111, 1117 (D.C. Cir. 2000), Bunch vs. Barnett 376 F. Sup. 23, (Civil Rights) Krause vs. Ohio. app 2d 1 L.N.W. 2d 321 1971., Reich vs. State Highway Dept. 336, Mich 617; 194 N.W. 2d 700 1972., (Civil Rights) Norton vs. Mcshane 14 L. Ed. 2d. 274., D. C. 1974 Thoren vs. Jenkins 374 F. Sup. 134., (Civil Rights) Rabon vs. Rowen Memorial Hospital. Inc. 269 N.S. 1. 152 SE 1 d 485, 493 1967. , . 18 U.S.C. Section 242. (Civil Rights) Imbler vs. Pachtman. U.S. 47 L Ed. 2ⁿᵈ 128. 96 S. Ct., (Civil Rights) Ury v. Santee (1969 DC Ill).

52. The plaintiff, Christopher E. Allen hereby claims that the defendant, the Superior Court of Guam, through its employee's violated the plaintiffs civil rights, by discriminating against the plaintiff, due to his race and color.                    26.

It should be noted that the defendant, the Superior Court of Guam failed to follow its own

"Personnel Rules and Regulations", by failing to report its actions towards the plaintiff to the

Civil Service Commission:

The Superior Court of Guam's, Personnel Rules and Regulations, Section 12 states:

### Final Notice of Adverse Decision

"The employee is entitled to notice of the courts's decision within ten (10) days after
receipt of the employee's answer to the charges (s) . The court shall deliver the notice
of decision to the employee on or before the time the action will be made effective. The
notice shall be in writing, be dated, inform the employee the specific statement of the
charges (s) upon which such action is based; inform the employee of his / her rights to
appeal to the Civil Service Commission; and inform him / her of the time limit within
which an appeal may be submitted. Copies of the Notice of Adverse Action shall be
filed by the court with the Civil Service Commission not later that the working day next
following the effective date of the action.

Also see: Notice of Proposed Adverse Action. , located in the above mentioned "rules".

The plaintiff was not afforded the rights of any of the defendant's regulations; the plaintiff

believes the defendant, the Superior Court of Guam failed to follow its own "Rules and

Regulations". The plaintiff believes that such depravation stands unprecedented and that it was

and is due to the plaintiff race which is in direct violation of the Civil Rights Act of 1964

SEC. 2000- e-2   [Section 703]  (a) (1),  (b), ( c ) (1), ( c ) (2); also Tile VII.


53. On May 27,2008 pursuant to 5GCA 10103 (a), the Freedom of Information /

(Sunshine Act), the plaintiff made a request from the defendant, the Superior Court of Guam, for

information regarding the names and special proceedings numbers of all Court Appointed

Special Process Server who had been appointed in the last five (5) years, along with Special

Process Servers who had been Terminated in the last five (5) years. Citing: 5 GCA 10103 (a),

the defendant failed to  give the plaintiff the complete information requested.

In short; the defendant attempted to conceal the requested information. The plaintiff will produce

proof of this allegation at trial. (See: Exhibit's K and L)

27.

54.                           **SUMMARY**

The plaintiff has expounded on his invasion of privacy, allegations and emotional distress,

violations of his Civil Rights and has provided rational arguments against the defendants. The

defendants are required under law to answer the plaintiff's specific allegations of statutory and

regulatory violations.    In addition, the defendant, the Superior Court of Guam violated the

plaintiff's fundamental rights, i.e., right to privacy, right to conduct business free from

unnecessary governmental interference,  right to procedural due process and right to equal

protection which are guaranteed in the U.S. Constitution and Guam's Organic Act.. Once the

plaintiff alleges a fundamental right has been violated, the defendants must come forward and

meet its substantial burden of demonstrating a compelling interest, to be reviewed using the

"strictest scrutiny."


55.     If in the answer to the complaint, the defendants claim a compelling state or

government interest, through discovery, the plaintiff will require the defendants to present

similar cases in which Special Process Servers have been subjected to similar circumstances to

the extreme that the plaintiff has been subjected to.  For example, the plaintiff will ask the

defendants to identify Special Process Servers who have had Orders of Appointments

Terminated by the defendant, the Superior Court of Guam, justification for such Terminations

where due process was denied, when, and whether the allegations were deemed crimes or not.


56.    The defendants will be required by the plaintiff to produce Federal and Government of

Guam statues and laws which indicate that a Citizen of the United States, legally can be denied

due process and to explain the reason for the for such denial, as which was done to the plaintiff

by the defendant, the Superior Court of Guam.    The plaintiff will also require from the


                                          28.

defendant, the Superior Court of Guam to produce information concerning the Superior Court of Guam's training and notification procedures for their employees in regards to notifying the general public, along the standard operating procedures, pertaining to the Termination of Court Appointed Special Process Servers, procedures for ensuring all alleged perpetrators are identified to the to the general public via Memorandums and phone calls, and the dates in which such procedures and policy's were first implemented, along with the proof of "historical data".

57.    Lastly,   "A pro se complaint, 'however in artfully pleaded, ' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Haines v. Kerner. 404 U.S. 519 (1972)).   To survive a motion to dismiss pursuant to Rule 12 (b)(6), a plaintiff's complaint "need not provide detailed factual allegations" but rather must simply allege facts sufficient "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp v. Tombly. 127 S. Ct.1955, 164-65 (2007.   The court "must accept as true all of the factual allegations contained in the complaint". Swierkiewiez v. Sorema. N.A.. 534 U.S. 506, 508 n. 1 (202). A plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face. " Twombly, 127 S. Ct. At 1974.

58.    The plaintiff has made numerous allegations against the defendant, any one of which would cause a reasonable person emotional distress.     It's would be unfathomable for the defendants to suggest that even a compilation of a few allegations would not cause extreme emotional distress.  The plaintiff's statutory and regulatory rights were violated; he has been stigmatized in the public eye by the defendants and made to appear as a criminal i.e. "guilty before proven innocent".  The plaintiff has been treated differently than any other process server

29.

appointed by the defendant, the Superior Court of Guam; he has received no procedural due process rights which is a constitutional guarantee.

59.    The defendants actions has affected the plaintiffs home mortgage, college education of his of spring, his utility bills, damaged to credit report for up to seven (7) years, his relationship with his spouse and his ability to care for his children which has caused lack of sleep and constant worry.    It is almost beyond belief that the defendants would think that their actions would not have cause harm to the plaintiff; and they should stand to answer fo the damage done to the plaintiff and his business, A.S.A.P Process Servers. The plaintiff has been left bitter and broken, defamed and humiliated, and without sufficient financial resources to enjoy the life and level of comfort he once had, due to the actions of the defendants. The plaintiff does not expect the defendants to acknowledge emotional distress, because by doing so, they would prove the plaintiff's case. The plaintiff has provided sufficient, detailed information to support his claims; a reasonable person would react with outrage, i.e., extreme emotional distress, if treated in the fashion that the defendants have treated the plaintiff.

60.  Due to the blanket authoritarian powers and political "Savy" of the defendants, the the plaintiff believes that due to the filing of this action, i.e. ,( "pro se"), there is a legitimate cause for concern that the defendants will retaliate against the plaintiff, through its employees, resources, and vast powers that are able to squash the plaintiff with hidden hands;  i.e. the defendants are farmable opponents that will not take this action lightly and are fully capable of inflicting greater harm and damage to the plaintiff.

61.    Therefore the plaintiff does hereby stresses the date and time of the filing of this action, and any unfortunate events that may befall upon the plaintiff that may appear to be in retaliation or connected to the filing of this claim.    Should such unfortunate event s befall the plaintiff, the plaintiff will request the assistance of Federal Authorities, on and off island.

30.

62. The plaintiff is aware of the inner legal circle's, relations, connections, influences, acquaint's, etc..., of the defendants, and that such influences are able to cause more damage to the plaintiff than he has already sustained. Therefore, the plaintiff request that the District Court scrutinize and review any changes in the Superior Court of Guam's rules and regulations that may take effect after the filing of this action. It should also be noted that it is the plaintiff who has been wronged, and who's constitutional rights that have been violated, and not the defendants. And that the plaintiff should not have to fear for his safety and well-being, due to the filing of this legal action. Thus, the plaintiff has taken the aforementioned precautionary measures mentioned in the "Jurisdiction" paragraph of this complaint.

63. The plaintiff, Christopher E. Allen hereby ask that the District Court to take swift, prompt action in regards to this case and to dispense fair and balanced justice in accordance with the laws of the United States of America. Citing: (Civil Rights) (12b:34 Fr Serv 29, 19 Fd 511 DCED Pa 1958.).

Date: June ___ 6th ___, 2008

Christopher E. Allen / Plaintiff
PMB 386
1270 N. Marine Dr. Ste. 101
Tamuning, Guam 96913
(671) 472-1413 / 678-4130

31.

## PRAYER FOR RELIEF

64. The plaintiff will prove far beyond the preponderance of evidence that the defendants violated his aforementioned rights and caused severe emotional distress of substantial quantity and enduring quality that no reasonable person in a civilized society should be expected to endure. The plaintiff prays that the court will grant the Plaintiffs such other and further relief not specifically requested herein which the Court upon hearing this matter deems just and proper.

## *** VERIFICATION ***

I, CHRISTOPHER E. ALLEN, declare and state under penalty of perjury of the laws of the United States of America and Guam, that the facts stated therein are true and correct to the best of my knowledge and belief, pursuant to 6. G.C.A. § 4308.

Date: June 6th ,2008.

CHRISTOPHER E. ALLEN
PMB 386
1270 N. Marine Dr. Ste. 101
Tamuning, Guam 96913
(671) 472-1413 / 678-4130

32.

## DEMAND

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them jointly

and individually, in their personal and official capacity's, under the theory of Respondeat

Superior as follows:

1. On all Counts for General and Special Damages in the amount of $ 2,950,000.00, in compensatory damages to be paid promptly.

2. For cost of suit, attorney fees, and pre-judgment interest as allowed by law;

3. For such other and further relief as the Court deems just and proper.

4. The defendants, Superior Court of Guam, Re-Appointed the plaintiff, Christopher E. Allen as a Special Process Server,

5. The defendant, Superior Court of Guam, accept Declaration's of Service's filed by the plaintiff, Christopher E. Allen, without harassment, persecution or threat of arrest.

6. The defendants, each of them in their own capacity, in writing, apologized to the plaintiff, the plaintiffs family, and the general population of Guam, in writing via the Pacific Daily News, Mariana's Variety, in a large inserted newspaper add.

Respectfully Submitted:

~~May~~ June 6th, 2008.

_____
Christopher E. Allen / Plaintiff
PMB 386
1270 N. Marine Dr. Ste. 101
Tamuning, Guam 96913
(671) 472-1413 / 678-4130

33.

# TABLE OF AUTHORITIES CITED

Pursuant to Local Rul 7.1, Motion Practice, (g) Length of Briefs and Memoranda, all briefs and memoranda in excess of fifteen (15) pages shall contain a table of authorities cited.

This pro se litigant, who is untrained in preparing legal documents, untrained in citing authorities and without the necessary reference materials to ensure a perfect product, will attempt to satisfy this requirement to the court. If the court is not satisfied with the plaintiff's efforts and/or requires additional information on a particular citation, the plaintiff prays for leave of court to perfect his table of authorities cited.

## Court Rules and Statues

1. Local Rule 7.1, Motion Practice, (g) Length of Briefs and Memoranda, Table of Citations Cited.
2. 5 GCA 10103 (a) (Sunshine Act), : (page 27)
4. 5 GCA 10108 Section ( c )
5. Rule 4 ( c ) (2) : (page 21).
6. Final Notice of Adverse Decision, : (page 27).
7. Federal Rules of Civil Procedure, Rule 12(b)(6), : (page 27)
8. Rule 12 (b)(6), : (page 29)
9. 7 GCA Civil Procedure, Ch. 14 Commencing Actions: (page 22).
11. 8 GCA Criminal Procedure . Ch. § 10.40, : (page 21)
12.. Rule 4 ( c ) (2) Civil Procedure , : (page 21)
13. U.S.C.A Const. Amends. 5, 14 / Certuficatuions in general, : (page 12)
14. U.S.C. A. Const. 14; 42 U.S.C.A. Const. § 1983, :(page 13)
15.(IAW) Privacy Act. 3. (b) (PA) of 1974, : (page 13, 14, 15)
16. Civil Rights: 316-21 (Title 42), : (page 15)
17. 42 U.S.C. 1963 2. 7-4, : (page 21)
18. Federal Rules of Civil Procedure Amendments Act of 1982, "Pub. L. 97-462 § 2 reprinted in 1982 U.S. cong & Ad. News (96 Stat) 2527, 2527-28 Fed. Civ. P ( c ) (2) (A), : (page 21)
19  7 GCA Civil Procedure. Ch. 14 Commencing Actions (Source: CCP § 14104), : (page 22)
20. U.S.C. 2032 (1) (b) (a), 42. u.a.c. / 200E-16, : (page 25)
21. 5 U.S.C. § 552a (m) (1) As Amended. under Government Contractors (m) (1), :(page 13, 26)
22. 8 GCA Criminal Procedure. Ch. 10 § 10.40, : (page 21).
23. The Superior Court of Guam / Personnel Rules and Regulations. Section 12, Final Notice of Adverse Decision . / Notice of Proposed Adverse Action.. : (page 27)
24. (Civil Rights) (12b:34 Fr Serv 29, 19 Fd 511 DCED Pa 1958), : (page 31)
25. 6. G.C.A. § 4308, : (page 32)
26.. Title VII of the Civil Rights Act of 1964, and 1991, : (page 25)
27. U.S.C. Const. 14.42 U.S.C.A. Const § 1983, : (page 13)

34.

Cases:

1. Harmon v. Superior Ct of the state of California, 307 F 2d 796, CA9 (1962) , : (page1).
2. Miller v. Debuono (90 NY 2d 783 (1997, :(page 7),
3 Mathew v. Eldridge (424 us 319 (1976), :( page 7)
4. United states Supreme Court of Kenosha, : (page 7),
5. Wisconsin vs. Peter G Bruno, 412 U.S. 507, 93 S. Ct. 2222, (1973) at 508, 509, : (page 7),
6. (Puerto Rico) Andres Guillemard-Ginorio, et. Al, Vs. Fermin M. Contreras Gomez, 161 Fed. Appx 24 (December 13, 2005), : (pages 7),
7. Ethridge v. Rhodos, DC Ohio 262 F Sup 83 (1967), : (page 7).
8. Whirl v. Kern, CA 5 Texas 407 F 2F. 2d 781 (1968), :( page 7).
9. Ury v. Santee, DC Ill. (1969), : (page 7, 24, 26).
10. Imbler vs. Pachtman, U.S. 47 L. Ed. 2nd 128, 96 S. Ct.), : (page 8).
11. Sinermon, 494 U.S. at 12, : (page 9).
12. Mackey v. Montrym, 443 U.S. 1, 12-13 (1979), : (page 9).
13. 16C Corpus Juris Secundum constitutional Law § 1520, : ( page 9).
14. Goldrush II v. City of Marietta, 482 S. E. 2d 347, 358 (Ga. 1997), : (page 9).
15. Beauchamp v. De Abadia, 779 F. 2d 773, 775 (1st Cir. 1985), : (page 9).
16. Keney v. Derbyshire 718 F. 2d 353 (10th Cir. 1983), : (page 9).
17. Boodie v. Connecticut, 401 U.S. 371, 378 (1971), : (page 9).
18. Armstrong v. Manzo, 380 U.S. 545 552 (1965), : (page 9).
19. Mullane v. Central Hanover Bank & Trust Co, 339 U.S. 306, 313 (1950), : (page 9).
20. Bell, 402 U.S. at 540, : (page 9).
21. Morgan v. United States, 304 U.S. 1, 18 (1937), : (page 10).
22. Tolbert, 434 F. Supp. At 686, : (page 10).
23. Goldberg v. Kelly, 397 U.S. 254 (1970), : (page 10).
24. Bell, 402 U.S. at 539, 541 and 542, 91 S. Ct. At 1589, 1590 and 1591, : (page 10)
25. Goldberg 397 U.S. at 299, : ( page 10).
26. Goldberg 397 U.S. at 270, 90 S. Ct. At 1021, : (page 10).
27. Greene v. McElroy, 360 U.S. 474, 496, (1959), : (page10).
28. Westberry v. Fisher, DC Me., 1970, 309 F. Sup, 95, : (page 12).
29. Perry v. Snidermann 408 U.S. 593 (1972), : (page 12).
30. Wisconsin v. Constantieau, 400 U.S. 433, 437, 91 S. Ct 507.27 L. Ed. 2d 515 (1971), : (page 13, 18).
31. Roth, 408 U.S. at 573, 92 s. Ct. 2701, : (page 13).
32. Benny v. Pipes No. 85-2347 (1986), : (page 14)
33. 423-28 Monroe vs. Page, 1961 / 365 U.S. 167. (Civil Rights), : (page 16).
34. Civil Rights: 316-21 (Title 42, :(page 16).
35. Section 1983 Davis v. Johnson, 1955 D.C. Ill.138 F. Sup., : (pqge16).
36. 572 Jobson v. Henne, 1966 Ca. NY. 355F. 2d. 139., : (page 16)
37. Hoofman v. Holden, 268 F 2d 280 2d 280, 289, : (page 17, 23)
38. Haddle v. Garrison, 119 S. Ct. 489, 492 (1998), : (page 17).
39. Sciolino vs. The City of New Port., : (page 18).
40. Civil law: Littleton v. Berling, 1972, Ill. 468 F. 2d. 389., : (page 19).
41. D.C. 1974 Theoren vs. Jenkins 374 F. Sup. 134., : (page 19)

42. Reynolds v. Cochran, 365 US 525, 51 ED @ d 754, 81 S Ct. 723 in Am Jur P 979.:(page 25).
43. Westbury vs. Fisher DC Me. 309 Sup 95 (19 70), : (page 25)
44. Fireman's Ins. Co. Of Newark N.J. vs. Washburn county. 2 Wis 2d 214, 85 N.W. 2d 840, (1957). :(page 25).
45. Hoffman v. Holden. 268F 2d 280, 289., 42 U.S.C. 1963., : (page 21).
46. Davis v. Johnson. 1955 DC Ill. 138 F. Sup., 572., : (page 23).
47. Jobson v. Henne, 1966 Ca. 2 NY 355 F. 2d 139., Title 42, Section 1983, :(page 23).
48. Monroe v. Pape, 1961, 365 U.S. 167, (Civil rights), (page 24)
49. Stringer v. Dilger, 1963, Ca. 10, Colo... 313F. 2d (Civil Rights), (page24)
50. Congressional Globe, 42 D Cong. 1st Sees., 365-6 268, 385 (1871), : (page 24)
51. James v. Ogilvie, 1970, DC Ill., 310 F. Sup. 661, 663, :(page 24).
52. Books v. Pensylvania R. Co. 91 F. Sup. 101 (DC SD NY, 1950) Civil Rights, :(page 24).
53. Bunch vs. Barnett 376 F. Sup. 23, :(page 26)
54. (Civil rights) Krause vs. Ohio, app 2d 1 L.N.W. 2d 321 1971., :(page 26).
55. Reich vs. State Highway Dept. 336, Mich 617: 194 N.W. 2d 700 1972, :(page 26).
56. D.C. 1974 Thoren vs. Jenkins 374 F. Sup. 134., : (page 26).
57. (Civil rights) rabon vs. Rowen Memorial Hospital, Inc. 269 N.S. 1, 152 SE 1 d 485, 493 1967., :(page 26).
58. 18 U.S.C Section 242, : (page 26).
59. Civil Rights) Imbler vs. Pachtman, U.S. 47 L. Ed, 2nd 128, 96 S. Ct., : (page 26).
60. Civil Rights) Ury v. Santee (1969 DC Ill., : (page 26)
61. Haines v. kerner, 404 U.S. 519 (1972), : (page 29)
62. Swierkiewicz v. Sorema U.S., 506, 508 n. (202), : (page 29)
63. Twombly, 127 S. Ct. At 1974, : (page 29)
64. Bell Atlantic Corp v. Twombly, 127 S. Ct. 1995, 164-65 (2007), : (page 29).
65. Conlry v. Gibson, 355 U.S. 41, 45-46 (1957), : (page 26).
66. Sparrow v. United Air Lines, Inc., 216 F. 3d 1111, 1117 (D.C. Cir. 2000)., , : (page 26).
67. Stone v. Univ. of Md. Med., : (page 18)

United States Constitution

1. 5th and 14th Amendments of the Constitution of the United States, : (page 8, 10, 11).
2. Title VII of the Civil Rights Act of 1963, 1964, : (pages 2).
3. 42 U.S.C. § 1983 (3),  : ( pages 2, 7,).
4. 42 U.S.C. § 1985, : (pages 2, 20).
5. 42 U.S. § 1985 (2), : (page 17)
5. Organic Act 1421b. (e), : (pages 3).
6. (IAW) Privacy Act, 3. (b) (PA) of 1974, : ( pages 2, 15, ).
7. Stigma Plus, : ( pages 2, 13).
8. 5 U.S.C. § 552 (M) (1)  Privacy Act of 1974, : (page 23)
9. Title 412 U.S.C. § 1983 Provisions, : (pages 6).
10. Civil Rights Act. Of 1991, : (page 11)

36.